IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EURIPIDES DEL VILLAR-ROSARIO,<br><br>    **Plaintiff,**<br><br>            v.<br><br>VICTOR ROBERTO FERNANDEZ-RAMOS, *et al.*,<br><br>    **Defendants.** | CIVIL NO. 19-1792 (JAG) |

MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

On August 19, 2019, Plaintiff Euripides Del Villar-Rosario ("Plaintiff"), appearing *pro se*, filed a Motion for Leave to Proceed *in forma pauperis*, Docket No. 1; and a Complaint against Defendants Victor Roberto Fernandez-Ramos, Stephanie M. Fernandez, Teresa Guillen-Lugo, Primitivo Pagan, and John Does 1-15 ("Defendants"), Docket No. 2. For the reasons stated below, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis* and **DISMISSES** *sua sponte* Plaintiff's Complaint.

Because Plaintiff is proceeding *in forma pauperis*, the Court may *sua sponte* dismiss Plaintiff's case at any time for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Specifically, § 1952(e)(2) provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

The Court also exercises its discretion to dismiss this case under Rule 8(a), which provides that a complaint "must contain . . . a short and plain statement of the claim showing that the

pleader is entitled to relief," Fed. R. Civ. P. 8(a); and under Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss an action *sua sponte* "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile . . . ." *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). To comply with Rule 8(a) and Rule 12(b)(6), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570).

Here, the Complaint seems to allege that Defendants entered Plaintiff's apartment and destroyed items inside the apartment with a machete, in violation of 42 U.S.C. § 1983, § 1981, § 1985, § 1986, § 3604; the Americans with Disabilities Act; Title VII; the First Amendment; the Fourth Amendment; the Fifth Amendment; the Eight Amendment; the Thirteenth Amendment; the Fourteenth Amendment; the Due Process Clause; the Equal Protection Clause; and the Takings Clause. Docket No. 2 at 2-3. He also asserts civil rights violations, negligence, damages, and breach of contract "by violent conduct." *Id.* at 3. He further claims that Defendants started an eviction process with the assistance of attorneys and court marshals, but without court authorization. *Id*. These scant factual allegations are wholly insufficient to establish a plausible claim under any of the legal bases asserted by Plaintiff or provide fair notice to Defendants. In fact, the Complaint fails to allege any facts as to two defendants. Even under the most liberal

construction,[1] the Court finds that the Complaint does not state a claim that would entitle Plaintiff to relief.

Accordingly, the Motion for Leave to Proceed *in forma pauperis* is hereby **DENIED** and the Complaint is **DISMISSED** without prejudice.[2] Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Monday, February 24, 2020.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[1] A *pro se* plaintiff's complaint must be liberally construed, and may only be dismissed "if a plaintiff cannot prove any set of facts entitling him or her to relief." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "However, *pro se* status does not insulate a party from complying with procedural and substantive law. The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Id*. However, this does not exempt a *pro se* plaintiff from having to put forth the "requisite supporting facts" for the elements of their claim. *See id*.

[2] The Court is mindful of the First Circuit's warnings about *sua sponte* dismissal. *See Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 30 (1st Cir. 2000). However, the First Circuit has stated that *sua sponte* dismissals may be warranted without notice to plaintiffs in cases with frivolous claims or where a defective pleading could not be cured by an amendment. *Id*. at 30-31. Based on the Plaintiff's inadequate complaint as explained above, the Court finds that *sua sponte* dismissal is warranted in this case.